

**FILED**

JUN 2 3 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SANTOS DAVID HERCULES       \*
3636 16th Street, NW #B1020      \*
Washington, DC 20010          \*
    \*
OLBIN PINEDA            \*
3636 16th Street, NW #A 657       \*
Washington, DC 20010          \*
    \*
*On Behalf of Themselves and*     \*
*All Others Similarly Situated*     \*
    \*
      Plaintiffs,        \*
    \*
      v.              \*
    \*
BISTRO CACAO, INC.        \*
320 Massachusetts Avenue, NE    \*
Washington, DC 20002          \*
    \*
KEMAL DEGER            \*
320 Massachusetts Avenue, NE    \*
Washington, DC 20002          \*
    \*
HARUN BOLUKBASI        \*
320 Massachusetts Avenue, NE    \*
Washington, DC 20002          \*
    \*
YAVUZ BOLUKBASI         \*
320 Massachusetts Avenue, NE    \*
Washington, DC 20002          \*
    \*
      Defendants.       \*
    \*

Case: 1:15-cv-00982
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/23/2015
Description: Labor/ERISA (K)

JURY TRIAL DEMANDED



**JURY ACTION**

**RECEIVED**

MAY 1 1 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Santos David Hercules and Olbin Pineda, by and through undersigned

counsel, bring this Complaint against Bistro Cacao, Inc. (hereinafter "Bistro Cacao"),

Kemal Deger, Harun Bolukbasi, and Yavuz Bolukbasi (collectively "Defendants") on

behalf of themselves and a proposed class of all others similarly situated to recover

unpaid overtime, minimum wages, liquidated damages, reasonable attorneys' fees, and

other relief as appropriate under: Section 16(b) of the Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); and the D.C. Minimum Wage Act

Revision Act, D.C. Code §§ 32-1001 *et seq.* Also, as individuals, and not as a collective

action, Plaintiffs seek damages for Defendants' failure to timely pay them all wages owed

pursuant to the D.C. Wage Payment and Collection Law (DCWPCL), D.C. Code § 32-

1301 *et seq.*

## PARTIES AND JURISDICTION

1.      Plaintiff Santos David Hercules is a resident of the District of Columbia.

From approximately December 2009 through July 2014, Mr. Hercules was employed by

Defendants, first as a salad preparer, and then, beginning in 2013, as a grill worker.

During his employment Pineda handled, sold, or otherwise worked on goods or materials

that had been moved in or produced for commerce, including food products originating

outside the District of Columbia.

2.      Plaintiff Olbin Pineda is a resident of the District of Columbia. From

December 2013 to August 2014, Mr. Pineda was employed by Defendants to work in the

kitchen at Bistro Cacao. During his employment Pineda handled, sold, or otherwise

worked on goods or materials that had been moved in or produced for commerce,

including food products originating outside the District of Columbia.

3.      Bistro Cacao is a corporation organized under the laws of the District of

Columbia. At all times relevant to this complaint, Bistro Cacao operated as a restaurant

in the Capitol Hill neighborhood of the District of Columbia.

4.      Kemal Deger was at all times relevant to this complaint and is now a co-owner of Bistro Cacao and its executive chef and was directly involved in the supervision of Plaintiffs' work. As executive chef, Kemal Deger is responsible for managing the operations of Bistro Cacao's kitchen.

5.      Harun Bolukbasi was at all times relevant to this complaint and is now a co-owner of Bistro Cacao. In addition to co-owning Bistro Cacao, Harun Bolukbasi is involved in the management and operations of two other restaurants in the District of Columbia. Collectively these three restaurants constituted an "Enterprise" as that term is defined in the FLSA.

6.      Yavuz Bolukbasi was at all times relevant to this complaint and is now a co-owner of Bistro Cacao and was directly involved in the supervision of Plaintiffs' work. In addition to co-owning Bistro Cacao, Yavuz Bolukbasi is involved in the management and operations of two other restaurants in the District of Columbia. Collectively these three restaurants constituted an "enterprise" as that term is defined in the FLSA.

7.      Defendants are (or, alternatively constitute parts of) an enterprise engaged in interstate commerce within the meaning of the FLSA and, at all times relevant to the complaint, was the employer of Mr. Hercules, Mr. Pineda, and all others similarly situated within the meaning of the FLSA and the DCMWA.

8.      At all times relevant to this complaint, Mr. Hercules, Mr. Pineda, and all others similarly situated were Defendant's employees within the meaning of the FLSA and the DCMW, and were not exempted from the maximum hour provisions.

9.      Mr. Hercules and Mr. Pineda hereby consent to being party plaintiffs in this action. They have attached signed consents to this complaint as Exhibit A.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over Counts I and II pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 because they arise under an Act of Congress.  This Court has supplemental jurisdiction over the claims herein arising under District of Columbia law pursuant to 28 U.S.C. § 1367(a) because all claims stated herein arise from a common set of operative facts and are so related as to form a part of the same case or controversy.

11.     Venue is proper under 28 U.S.C. § 1391 because Defendants' actions alleged herein occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

12.     Throughout the relevant time period, and thereafter, Defendants operated Bistro Cacao, an upscale French restaurant in Washington, DC.

13.     From December 2008 through July 2014, Mr. Hercules worked in Defendants' kitchen at Bistro Cacao. Throughout this period, Mr. Hercules regularly worked in substantial excess of 40 hours per week.

14.     In the typical week, Mr. Hercules would work from 8 AM to 11 PM on four days, and from 6 AM to 11 PM on two days. Because Mr. Hercules was not afforded breaks during his routine 15 and 17 hour shifts, Mr. Hercules estimates that he worked, on average, approximately 94 hours per week.

15.     Defendants authorized, assigned, assented to, or were aware of the work performed by Mr. Hercules for the benefit of Defendants.

16.     From December 2013 through August 2014, Mr. Pineda was employed in Defendants' kitchen at Bistro Cacao. Throughout this period, Mr. Pineda regularly worked in substantial excess of forty (40) hours per week.

17.     In the typical week, Mr. Pineda would work approximately 60 hours. Mr. Pineda has retained records provided by Defendants for many of the weeks of his employment with Bistro Cacao that document the total number of hours that Mr. Pineda worked.

18.     Defendants authorized, assigned, assented to, or were aware of the work performed by Mr. Pineda for the benefit of Defendants.

19.     As the employers of Mr. Hercules and Mr. Pineda, Defendants were under well-known and longstanding obligations of federal and D.C. law to compensate them at an overtime wage rate equal to no less than 150% of their regular hourly wage rate for every hour worked in excess of 40 hours in any week.

20.     As the employers of Mr. Hercules and Mr. Pineda, Defendants were under well-known and longstanding obligations of federal law to compensate them at a rate of pay at least $7.25 an hour.

21.     As the employers of Mr. Hercules and Mr. Pineda, Defendants were under well-known and longstanding obligations of D.C. law to compensate them at a rate of pay at least $8.25 an hour for worked performed before July 1, 2014.

22.     As the employers of Mr. Hercules and Mr. Pineda, Defendants were under well-known and longstanding obligations of D.C. law to compensate them at a rate of pay at least $9.50 an hour for worked performed after July 1, 2014.

23.     Notwithstanding Defendants' legal obligations, Defendants, over the many years that Mr. Hercules was their employee, repeatedly failed to pay Mr. Hercules the overtime compensation that Mr. Hercules had earned.

24.     Notwithstanding Defendant's legal obligations, Defendants, throughout the course of Mr. Pineda's employment, repeatedly failed to pay Mr. Pineda the overtime that Mr. Pineda had earned.

25.     Notwithstanding Defendants' legal obligations, Defendants, over the many years that Mr. Hercules was their employee, repeatedly failed to pay Mr. Hercules the minimum wage, to which Mr. Hercules was entitled.

26.     Notwithstanding Defendant's legal obligations, Defendants, throughout the course of Mr. Pineda's employment, repeatedly failed to pay Mr. Pineda the minimum wage, to which Mr. Pineda was entitled.

27.     Even though Mr. Hercules and Mr. Pineda's should have been paid on an hourly basis, Defendants paid them as salaried workers. As a result, Mr. Hercules and Mr. Pineda's biweekly paycheck reports do not contain information about their hourly wage rates or hours worked.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

28.     This case is properly brought and may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b) as to all claims arising under the FLSA and the DCMWA.

29.     Plaintiffs and the class members are current and former workers employed by Defendants (including any enterprise that Defendants constituted part of) at any time within the three years preceding the date of the filing of this complaint.

30.    Plaintiffs and those similarly situated to Plaintiffs were subjected to the same practices or policies by Defendants: all were paid in biweekly lump-sum payments that failed to provide compensation at the minimum wage rates under the FLSA and the DCMWA and overtime wage rates under the FLSA and the DCMWA for all hours worked in excess of 40 in any week.

31.    Plaintiffs and those similarly situated performed work that was not exempt from the FLSA's overtime and minimum wage compensation requirements.

32.    Application of these policies and compensation practices did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policies or compensation practices which resulted in the non-payment of required overtime wages to Plaintiffs applied to all class members.

33.    Defendants knowingly, willfully or with reckless disregard carried out their illegal patterns or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and the class members.

34.    Upon information and belief, Defendants have failed to keep accurate time records for Plaintiffs and all class members pursuant to requirements of the FLSA and the DCMWA.

35.    Defendants' failure to keep accurate time records casts the burden on Defendants to disprove the testimony of Plaintiffs and all class members regarding the number of hours they suffered or were permitted to work.

36.    Defendants failed to post legally required posters advising Defendants and their other employees of their rights to a minimum wage and overtime compensation pursuant to D.C. and federal law.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA - OVERTIME

37.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 above.

38.     Section 7(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

39.     Plaintiffs and all others similarly situated were "employees" of each and all Defendants, and Defendants were each and all an "employer" under the FLSA, 29 U.S.C. § 203.

40.     Defendants violated the FLSA by willfully failing to compensate Plaintiffs and all others similarly the rate of time-and-one-half (1 ½) Plaintiffs' regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek.

41.     Defendants' violation of the FLSA was repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under the FLSA, § 16(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, litigation expenses, and any other and further relief this Court deems appropriate.

### COUNT II
### VIOLATION OF THE D.C. MINIMUM WAGE ACT REVISION ACT (DCMWA) – OVERTIME

42.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 above.

43.     Section 32-1003(c) of the DCMWA provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed."

44.     Plaintiffs and all those similarly situated were "employees," and each and all Defendants were their "employer" as defined by the DCMWA, D.C. Code § 32-1002.

45.     Defendants violated the DCMWA by knowingly failing to compensate Plaintiffs and all those similarly situated the rate of time-and-one-half (1 ½) Plaintiffs' regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek.

46.     Defendants' violations of the DCMWA were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and all those similarly situated under the DCMWA, § 32-1012, for all unpaid overtime wages, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

<u>COUNT III</u>
**VIOLATION OF THE FLSA – MINIMUM WAGE**

47.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 above.

48.     Section 6(a)(1)(c) of the FLSA provides that "every employer shall pay to each of his employees . . . $7.25 an hour."

49.     Plaintiffs and all others similarly situated were "employees" of each and all Defendants, and Defendants were each and all an "employer" under the FLSA, 29 U.S.C. § 203.

50.     Defendants violated the FLSA by willfully failing to compensate Plaintiffs and all others similarly situated at least $7.25 an hour.

51.     Defendants' violation of the FLSA was repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under the FLSA, § 16(b), for all unpaid minimum wages, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, litigation expenses, and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF THE D.C. MINIMUM WAGE ACT REVISION ACT (DCMWA) – MINIMUM WAGE

52.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 above.

53.     Section 32-1003(a)(2) of the DCMWA provides that each employer shall pay a minimum wage of $8.25 an hour for all work performed before July 1, 2014.

54.     Section 32-1003(a)(3) of the DCMWA provides that each employer shall pay a minimum wage of $9.50 an hour for all work performed after July 1, 2014.

55.     Plaintiffs and others similarly situated were "employees" and each and all Defendants were their "employer" under the DCMWA, D.C. Code § 32-1002.

56.     Defendants violated the DCMWA by knowingly failing to compensate Plaintiffs and all others similarly situated the rate of at least $8.25 for all work performed before July 1, 2014 and at least $9.50 for all work performed after July 1, 2014.

57.     Defendants' violations of the DCMWA were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated under the DCMWA, D.C. Code § 32-1012, for all unpaid minimum wages, plus an equal amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

<u>COUNT V</u>
**FAILURE TO TIMELY PAY WAGES (DCWPCL)**

58.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 36 above.  Plaintiffs allege this count only on behalf of themselves.

59.     D.C. Code § 32-1303  provides that "[w]henever an employer discharges an employee, the employer shall pay the employee's wages" within four days and that "[w]henever an employee … quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier."   .

60.     D.C. Code § 32-1301(3) defines wages to include, *inter alia*, an "overtime premium.

61.      Because of their failure to pay overtime and minimum wage Defendants failed to timely pay Plaintiffs wages owed.

62.     Defendants failure to may such payment was willful, intentional and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and all others similarly situated pursuant to the DCWPCL, for all unpaid minimum wages, plus treble that amount in liquidated damages, interest (both pre-and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.      Determine the damages sustained by the Plaintiffs and all others similarly situated as a result of Defendants' willful and intentional violations of the FLSA, 29 U.S.C. § 207(a), and the DCMWA, D.C. Code § 32-1012(b), and award such back pay and unpaid overtime and minimum wage wages against Defendants in favor of Plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b), plus such prejudgment interest as may be allowed by law;

B.      Determine the damages sustained by Plaintiffs as a result of Defendants' willful and intentional violations of the DCWPCL, D.C. Code § 32-1303 and award such amount and an additional amount of liquidated damages as authorized by law, plus such prejudgment interest as may be allowed by law;

C.      Award Plaintiffs and Plaintiffs and all others similarly situated the expenses and of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs;

D.      Grant appropriate injunctive relief ; and

E.      Grant Plaintiffs and, to the extent permitted by law, all others similarly

situated such other and further relief as this Court may deem just and proper.


## JURY DEMAND

Plaintiffs a request a trial by jury on issues so triable.


Dated: May 11, 2015                    Respectfully submitted,

                                       _____
                                       Dennis A. Corkery (D.C. Bar No. 1016991)
                                       Matthew K. Handley (D.C. Bar No. 89946)
                                       WASHINGTON LAWYERS' COMMITTEE FOR
                                       CIVIL RIGHTS AND URBAN AFFAIRS
                                       11 Dupont Circle, Suite 400
                                       Washington, DC 20036
                                       Phone: (202) 319-1000
                                       Fax:    (202) 319-1010
                                       Email: Dennis_Corkery@washlaw.org
                                              Matthew_Handley@washlaw.org

                                       Matthew B. Kaplan (D.C. Bar No. 484760)
                                       THE KAPLAN LAW FIRM
                                       509 N Jefferson St
                                       Arlington, VA 22205
                                       Phone  (703) 665-9529
                                       Fax:    (888) 958-1366
                                       Email:  mbkaplan@thekaplanlawfirm.com


                                       *Counsel for Plaintiffs*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

SANTOS DAVID HERCULES *et al*,          *
    Plaintiffs,          *
                      *
       v.          *          Civil Action No.
                      *
BISTRO CACAO, INC., *et al*,          *
                      *
    Defendants.          *
                      *

*******************************************************************

## CONSENT TO SUE

    By my signature below, I represent to the Court that throughout my employment at Bistro Cacao, my employers failed to properly compensate me for my work. I authorize the filing and prosecution or of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages, and all other relief provided under the Fair Standards Act and any other applicable federal or state laws.

## CONSENTIMIENTO DE SER PARTE DEMANDATE

    Por la firma abajo, represento a la Corte que durante mi empleo para Bistro Cacao, mis empleadores me negaban el pago correcto para el trabajo que hice. En mi parte y en parte de los que están en situaciones similares, autorizo el inicio y el procesamiento de una demanda en mi nombre y en el nombre do otros que están en situaciones similares con el fin de recuperar el pago no retribuido, los daños líquidos, y toda otra reparación judicial provista por la Ley de Normas Justas de Trabajo y cualquier otra ley federal o estadal que sean aplicables.

Name/Nombre: _Santos David Hercules_

Address/Dirección: _3636 11ᵗʰ St. NW, Apt.# B1020_

City/Cuidad: _Washington_ , State/Estado: _DC_ , Zip Code/Código Postal: _20010_

Email: _____     Phone/Teléfono: _202-553-2621_

Signature/Firma: _Santos David Hercules_ Date/Fecha: _4/7/2015_

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

SANTOS DAVID HERCULES *et al*,      *
        Plaintiffs,      *
    *
    v.      *      Civil Action No.
    *
BISTRO CACAO, INC., *et al*,      *
        Defendants.      *
    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CONSENT TO SUE

By my signature below, I represent to the Court that throughout my employment at Bistro Cacao, my employers failed to properly compensate me for my work. I authorize the filing and prosecution or of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages, and all other relief provided under the Fair Standards Act and any other applicable federal or state laws.

### CONSENTIMIENTO DE SER PARTE DEMANDATE

Por la firma abajo, represento a la Corte que durante mi empleo para Bistro Cacao, mis empleadores me negaban el pago correcto para el trabajo que hice. En mi parte y en parte de los que están en situaciones similares, autorizo el inicio y el procesamiento de una demanda en mi nombre y en el nombre do otros que están en situaciones similares con el fin de recuperar el pago no retribuido, los daños líquidos, y toda otra reparación judicial provista por la Ley de Normas Justas de Trabajo y cualquier otra ley federal o estadal que sean aplicables.

Name/Nombre: Olbin Pineda

Address/Dirección: 3636 16th St. NW, Apt. A657

City/Cuidad: Washington , State/Estado: DC , Zip Code/Código Postal: 20010

Email: _____ Phone/Teléfono: 202-749-3786

Signature/Firma: Olbin Pineda  Date/Fecha: 07/01/2015