Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Agreement") is entered into by and between Santos David Hercules ("Mr. Hercules") and Olbin Pineda ("Mr. Pineda"), on the one hand, and Bistro Cacao, Inc. ("Bistro Cacao" or the "Company"), Harun Bolukbasi, Yavuz Bolukbasi, Kemal Deger, and affiliated companies, and their officers, directors, agents, assigns, representatives and employees ("the Settling Defendants"), on the other hand. It is understood and agreed that the purpose of this Agreement is to resolve and settle claims and disputes between Mr. Hercules and Mr. Pineda and the Settling Defendants, including the claims set forth against Settling Defendants in *Hercules, et al v. Bistro Cacao, Inc., et al*, Case No. 1:15-cv-00982-ESH in the U.S. District Court for the District of Columbia (the "Lawsuit"). Mr. Hercules and Mr. Pineda and the Settling Defendants desire to resolve the Lawsuit and any and all other claims or disputes relating to wages, hours, and compensation for their work at Bistro Cacao restaurant, whether known or unknown, that have been made or could have been made by or on behalf of Mr. Hercules and Mr. Pineda with respect to any time prior to and including the date on which this Agreement is executed. In furtherance of this goal, and subject to approval by the District Court in the Lawsuit, and in consideration of the mutual covenants and promises herein, the sufficiency of which is hereby acknowledged, the parties have agreed upon the following terms:

1. In consideration for this Agreement, the Company agrees to pay the following amounts to each Plaintiff, Mr. Hercules and Mr. Pineda:

    (a) SIX THOUSAND EIGHT HUNDRED FORTY DOLLARS AND ZERO CENTS ($6,840.00) to Mr. Hercules, half constituting wages and half constituting liquidated damages, for which the Company will issue an IRS Form W-2 and an IRS Form 1099, respectively;

      (b) FIVE THOUSAND ONE HUNDRED SIXTY DOLLARS AND ZERO CENTS ($5,160.00) to Mr. Pineda, half constituting wages and half constituting liquidated damages, for which the Company will issue an IRS Form W-2 and an IRS Form 1099;

      (c) EIGHTEEN THOUSAND DOLLARS AND ZERO CENTS ($18,000.00) shall be paid to Plaintiffs' attorneys, the Washington Lawyers' Committee for Civil Rights & Urban Affairs and the Kaplan Law Firm for claimed attorney's fees, costs and other expenses relating to the Lawsuit. The Company shall issue an IRS Form 1099 to the Washington Lawyers' Committee for Civil Rights & Urban Affairs and the Kaplan Law Firm in accordance with applicable law. The Washington Lawyers' Committee for Civil Rights & Urban Affairs and the Kaplan Law Firm shall advise how the total amount due them should be allocated between these two entities and separate checks shall be accordingly issued to each entity.

    2. The above payments in Paragraphs 1(a) and (b) shall be made five (5) business days after the latest date on which each of the following events occurs: (a) the Company receives an original of this Agreement executed by Mr. Hercules, Mr. Pineda, and their Counsel; (b) the Company receives executed Forms W-9 for Mr. Hercules, Mr. Pineda, and the recipient of any payment for attorneys' fees; and (c) the District Court approves the Parties' Joint Motion to Approve Settlement Agreement in accordance with Paragraph 7 of this Agreement.

    3. The above payments in Paragraph 1(c) may be made in six (6) equal monthly installments starting on five (5) business days after the latest date on which each of the following events occurs: (a) the Company receives an original of this Agreement executed by Mr. Hercules, Mr. Pineda, and the recipient of any payment for attorneys' fees; and (c) the District

Court approves the Parties' Joint Motion to Approve Settlement Agreement in accordance with Paragraph 7 of this Agreement.

4.      Waiver and Release of Claims.  In exchange for the payment identified in Paragraph 1, Mr. Hercules and Mr. Pineda, on their own behalf, their descendants, dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge Settling Defendants and any and all related or affiliated businesses or business entities, their shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them, from any and all claims that Mr. Hercules and Mr. Pineda might otherwise have had a right to pursue against Settling Defendants or any of them with respect to wages, hours and compensation for employment at Bistro Cacao restaurant at any time prior to the execution of this Agreement.  The parties understand the word "claims" to include, without limitation, any complaints, charges, disputes, or rights relating to wages, hours, compensation or recordkeeping relating to same, or benefit payment issues, against the Company that may have arisen during or related to their employment with the Company, including any and all claims that could be brought under any federal or state statute, regulation, executive order, public policy or other law that provides protection to employees or other individuals, relating to such subjects, including the claims brought by Mr. Hercules and Mr. Pineda in the Lawsuit.  This release does not extend to claims that cannot be released as a matter of law, but the parties acknowledge their intent that this release be construed as broadly as legally permissible.  Mr. Hercules, Mr. Pineda, and their Counsel represent that they know of no claim that has not been released by this paragraph, other than as set forth above.  The Settling Defendants likewise on their own behalf, their descendants,

dependents, heirs, executors, administrators, and assigns, fully, finally and forever agree unconditionally to release and discharge Mr. Pineda and Mr. Hercules from any and all claims that the Settling Defendants might otherwise have had a right to pursue against Mr. Pineda and Mr. Hercules or any of them with respect to wages, hours and compensation for employment at Bistro Cacao restaurant at any time prior to the execution of this Agreement.

5. <u>Non-Interference</u>. Nothing in this Agreement shall interfere with Mr. Hercules's and Mr. Pineda's right to file a charge, cooperate, or participate in an investigation or administrative proceeding conducted by the Equal Employment Opportunity Commission or state fair employment practices agency, or other federal or state regulatory law enforcement agency including, but not limited to, the National Labor Relations Board, the Securities and Exchange Commission, or the Department of Labor. However, the consideration provided to Mr. Hercules and Mr. Pineda in this Agreement will be the sole relief provided to them for these released claims, and they will not be entitled to recover, and agree to waive any monetary benefits or recovery against Settling Defendants in connection with any such claim, charge, or proceeding without regard to who has brought the complaint or charge.

6. <u>Non-Admission</u>. This Agreement does not constitute an admission by Settling Defendants of any violation of any law or statute and the parties agree that Settling Defendants' willingness to settle the claims in this Lawsuit is not an admission of any liability regarding any claim or legal theory.

7. <u>Joint Motion for Judicial Approval</u>. The parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement. The parties shall file a Joint

Motion to Approve FLSA/DC Wage and Hours Laws Settlement Agreement ("Joint Motion") and proposed Order.  Upon approval by the Court and completion of all payments under Paragraph 1, Mr. Hercules and Mr. Pineda agree to file all papers with the Court that are necessary to obtain complete dismissal with prejudice of the Lawsuit, including a Notice of Voluntary Dismissal, Stipulation of Dismissal, or other papers suggested by the court during the approval process, if any.  The parties agree that each party will bear its own costs, expenses and attorneys' fees in connection with the litigation and settlement of the Lawsuit, except as otherwise provided above, and that this Agreement is a complete and final settlement of all disputes existing between them as of the date this Agreement is executed, as described herein. The parties also agree that Defendants do not have to respond to the Complaint during the pendency of the Joint Motion, and thereafter if approval is obtained.  Should such approval be denied, Defendants shall have fourteen (14) days thereafter to respond or as otherwise agreed by the parties.

    8.    <u>Transfer of Claims</u>.  Mr. Hercules and Mr. Pineda understand and agree that this Agreement applies not just to them, but also to their heirs, executors, administrators and other agent or representative.   Mr. Hercules and Mr. Pineda hereby state that they have the sole right and exclusive authority to execute this Agreement and that they have not sold, assigned, transferred or conveyed in any other manner any rights covered by this Agreement.  Mr. Hercules and Mr. Pineda agree to indemnify and hold the Company harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, courts costs, expenses (including attorney's fees), causes of action or judgments based on

or arising out of any such assignment or transfer. They further represent that there is nothing that would prohibit them from entering into this Agreement.

8. Acknowledgment. Mr. Hercules and Mr. Pineda acknowledge no representation, promise or inducement has been made other than as set forth in this Agreement, and that they enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Mr. Hercules and Mr. Pineda further acknowledge and represent that they assume the risk for any mistake of fact now known or unknown, and acknowledge the consequences of this Agreement and represent that its terms are fully understood and voluntarily accepted. They also acknowledge that, prior to executing this Agreement, they have (a) consulted with an attorney of their choosing concerning this Agreement and have been advised to do so by Settling Defendants; and (b) read and understood this Agreement, are fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or their attorney's advice. Mr. Hercules and Mr. Pineda acknowledge that they have been given a reasonable time to consider the terms of this Agreement. They further understand and acknowledge that they are only releasing claims in paragraph 3 of this Agreement that arose prior to the execution of this Agreement.

9. Payment of Applicable Taxes. Mr. Hercules and Mr. Pineda are and shall be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of the receipt of any portion of the monetary payment provided under this Agreement. They agree to indemnify and hold the Company harmless from any and all liabilities, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations that may arise from the monetary

consideration paid to them under this Agreement, except to the extent that such charges shall be attributable to a calculation error by the Company..

10. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, and by electronic PDF format or facsimile signature, each of which shall be deemed an original and all of which shall constitute one in the same Agreement.

11. <u>Choice of Law</u>. The laws of the District of Columbia shall apply to any disputes arising from or under this Agreement, or with respect to its interpretation, without regard to its conflict of law principles, except where the application of federal law applies. In the event any of the parties seek to enforce the terms of this Agreement, they shall do so in the United States District Court for the District of Columbia, which shall retain jurisdiction until all payments due under this Agreement are paid and processed, and the parties so notify the Court.

12. <u>Enforcement</u>. Any Party prevailing in any request for the judicial enforcement of any material term of this agreement shall be entitled to recover from the any non-complying party their reasonable attorneys' fees, calculated at the standard "Laffey" rates, and all reasonable associated litigation costs.

13. <u>Entire Agreement</u>. This Agreement sets forth the entire Agreement between the parties with respect to all disputes or claims that Mr. Hercules and Mr. Pineda have or could have had against Settling Defendants, and fully supersedes any and all prior negotiations, agreements, or understanding, whether written or oral, between the parties pertaining to the subject matter of this agreement. This Agreement shall not be changed unless in writing and signed by both all parties.

14. <u>Severability</u>.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Mr. Hercules and Mr. Pineda that is not invalid

14. <u>Headings</u>.  The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement

DATED: October ___, 2015

_____
Santos David Hercules

DATED: October ___, 2015

_____
Olbin Pineda

BISTRO CACAO, INC.

DATED: October 23 2015

By: *HARUN BOLUKBASI*
_____

DATED: October 23 2015

_____
Harun Bolukbasi

DATED: October 23 2015

_____
Yavuz Bolukbasi

DATED: October 23 2015

_____
Kemal Dezar

- 8 -

REVIEWED AS TO FORM AND CONTENT

DATED: October___, 2015          WASHINGTON LAWYERS'
                                  COMMITTEE FOR CIVIL RIGHTS &
                                  URBAN AFFAIRS

                                  By: _____
                                  Attorney for Plaintiffs

                                  THE KAPLAN LAW FIRM

                                  By: _____
                                  Attorney for Plaintiffs

DATED: October __, 2015           LITTLER MENDELSON, PC

                                  By: _____/s/_____
                                  Attorneys for Defendants

14. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Mr. Hercules and Mr. Pineda that is not invalid.

14. <u>Headings</u>. The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

DATED: October 31, 2015  /s/ Santos David Hercules
Santos David Hercules

DATED: October __, 2015  _____
Olbin Pineda

BISTRO CACAO, INC.

DATED: October __, 2015  _____
By: _____

DATED: October __, 2015  _____
Harun Bolukbasi

DATED: October __, 2015  _____
Yavuz Bolukbasi

DATED: October __, 2015  _____
Kemal Degar

-8-

p.1  9372543880  Song's Sushi  Nov 03 15 02:27p

14. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Mr. Hercules and Mr. Pineda that is not invalid.

14. <u>Headings</u>. The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

DATED: October ___, 2015

_____
Santos David Hercules

DATED: October 26, 2015

*/s/ Olbin Pineda*
Olbin Pineda

BISTRO CACAO, INC.

DATED: October ___, 2015

By: _____

DATED: October ___, 2015

_____
Harun Bolukbasi

DATED: October ___, 2015

_____
Yavuz Bolukbasi

DATED: October ___, 2015

_____
Kemal Degar

REVIEWED AS TO FORM AND CONTENT

DATED: October 30, 2015

WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS &
URBAN AFFAIRS

By: _____
Attorney for Plaintiffs

THE KAPLAN LAW FIRM

By: *Matthew B. Kaplan*
Attorney for Plaintiffs

DATED: October 28, 2015

LITTLER MENDELSON, PC

By: _____
Attorneys for Defendants